JAP:MSM

**14 M 796**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

IN THE MATTER OF
THE EXTRADITION OF

LIOR ZAIROV,

        Defendant.

TO BE FILED UNDER SEAL

COMPLAINT AND AFFIDAVIT IN SUPPORT OF APPLICATION FOR ARREST WARRANT

(18 U.S.C. § 3184)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
EASTERN DISTRICT OF NEW YORK, SS:

      I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

      1.    In this matter I act for and on behalf of the Government of the State of Israel (the "Requesting State");

      2.    There is an extradition treaty in force between the United States and the State of Israel. See Convention on Extradition between the Government of the United States of America and the Government of the State of Israel ("Israel"), signed on December 10, 1962, entered into force December 5, 1963, 14 U.S.T. 1707 (the "Convention") and the Protocol between the Government of the United States of America and the Government of the State of Israel Amending the Convention on Extradition of 1962, signed July 6, 2005, entered into force on January 10, 2007, Senate Treaty Doc 109-3 ("Protocol") (collectively, "Extradition Treaty");

3. Pursuant to the Extradition Treaty, Israel has submitted a formal request through diplomatic channels for the extradition of LIOR ZAIROV ("ZAIROV");

4. On September 18, 2010, the Tel Aviv Magistrates Court in Israel issued a warrant for the arrest of ZAIROV for the crime of Assault that Caused Actual Bodily Harm, in violation of Section 380 of the Israeli Penal Law, which was renewed on December 6, 2011, and July 19, 2012;

5. The warrant was issued based on the following facts:

   a. On September 4, 2010, the victim, Yitzchak Horesh ("Horesh"), and a friend were sitting outside a store in Tel Aviv, Israel, when they were confronted for spilling a drink on a bench by Shlomi Zairov ("Shlomi"), the store's owner. Shlomi accused Horesh of spilling the drink on purpose and asked Horesh and his friend to leave. Offended, Horesh spilled more of the drink on the bench, this time on purpose.

   b. Horesh, who did not know ZAIROV at the time, told Israeli authorities that during his argument with Shlomi, ZAIROV came out of the store and attacked Horesh with a hammer. There were multiple eyewitnesses to the attack, which was also recorded by a security camera.

   c. Horesh was taken by ambulance to the hospital, where his injuries were treated. The following day, Horesh was released from the hospital, and he filed a complaint with the Israeli Police.

   d. On August 29, 2011, Horesh viewed the security camera footage of the attack and identified ZAIROV as the person who committed the crime alleged in this case. Horesh also spontaneously identified a photograph of ZAIROV while in the

prosecutor's office;

6. According to information provided by Interpol-Jerusalem, ZAIROV left Israel on September 6, 2010 on a flight to Amsterdam and entered the United States from Amsterdam using his Israeli passport on October 23, 2010;

7. United States law enforcement authorities have confirmed ZAIROV's last known address to be 9340 Queens Boulevard, Apt. 3C, Rego Park, New York, within the jurisdiction of this Court. ZAIROV also holds a New York State-issued non-driver's identification card with an address of 8564 Saunders Street, Apt. D, Rego Park, New York. ZAIROV's half-stepsister, also resides in Rego Park, New York at 2626 Homecrest Avenue, Apt. 6T;

8. Ron B. Katwan, an attorney in the Office of the Legal Adviser of the United States Department of State, has provided the Department of Justice with a declaration authenticating the diplomatic note by which the request for extradition was made and a copy of the Extradition Treaty between the United States and Israel, stating that the offense for which extradition is demanded is covered by the treaty, and confirming that the documents supporting the request for extradition are properly authenticated by the Ministry of Justice in Israel, in accordance with Article X of the Convention, as amended by Article 6 of the Protocol, so as to enable them to be received in evidence;

9. The declaration from the United States Department of State with its attachments, including a copy of the diplomatic note from the Requesting State, a copy of the relevant extradition treaty, and the certified documents submitted in support of the request (marked collectively as "Government Exhibit 1") are filed with this complaint and

incorporated by reference herein; and

      10.    It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the warrant and this complaint and affidavit. I believe that sealing these documents is necessary because, in light of ZAIROV's flight from Israel after the incident above, ZAIROV is likely to flee the United States if he learned of the existence of a warrant for his arrest.

      WHEREFORE, the undersigned respectfully requests that a warrant for the arrest of LIOR ZAIROV be issued in accordance with 18 U.S.C. § 3184 and the Extradition Treaty between the United States and Israel, so that ZAIROV may be arrested and brought before this court and the evidence of criminality be heard.

Dated: Brooklyn, New York  
       September 16, 2014

                                  Respectfully submitted,

                                  LORETTA E. LYNCH  
                                  United States Attorney

By: _____  
        Mathew S. Miller  
        Assistant U.S. Attorney  
        Tel: (718) 254-6075

Sworn to before me on  
the 16th day of September, 2014

_____  
THE HONORABLE ROANNE L. MANN  
UNITED STATES MAGISTRATE JUDGE  
EASTERN DISTRICT OF NEW YORK